# Law Office of Mohammed Gangat

675 THIRD AVE, SUITE 1810, NY, NY 10017 ✦ (718) 669-0714 ✦ mgangat@gangatpllc.com

---

May 15, 2023

*VIA ECF*
Hon. Lee G. Dunst, U.S.M.J.
United States District Court,
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    **RE:** **Martin Correa, et. al. v. T & M Greencare, Inc., et. al.**
       **Case No. 2:20-cv-04457-GRB-LGD**

To the Honorable Magistrate Judge Dunst:

  I represent Plaintiffs Martin Correa, Rony Alberto Sanchez, Osman Soto, Jose Flores, Jesus Arturito Maldonado, Franklin Soto, Francisco Carrera Marroquin, Jensil Mendez Lopez, Melvin Ernesto Del Cid Barreira, and Olger Ovidio Lemus ("Plaintiffs") in the above-mentioned action. The other parties to this action are: Defendants T&M Greencare Incorporated and Marlon Reyes ("Defendants"). Plaintiffs and Defendants are referred to collectively herein as the "Parties."

  I write on behalf of all Parties to respectfully request that Your Honor approve the Parties' settlement and dismiss this matter with prejudice, following informal discovery and extensive negotiations between experienced counsel. Attached as **Exhibit 1** is a copy of the Settlement Agreement executed by all parties.

    **I.** **Legal Standard**

  As the Court is aware, when Fair Labor Standards Act ("FLSA") claims are settled, the Second Circuit requires the Court review and scrutinize settlements agreements to ensure fairness. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *see also Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

  The Second Circuit's ruling in *Cheeks* did not outline the factors for approving a settlement. It did, however, identify 'red-flag issues', such as if an agreement contains a confidentiality clause; the scope of the release and worries surrounding general releases; and counsel fees exceeding 40% of the settlement payment. *Cheeks*, 796 F.3d at 206. This agreement contains no such red-flags: (i) the release contained in the agreement is not overbroad but rather narrowly tailored to address the claims the parties seek to resolve fully, finally and forever; (ii) there is no requirement for confidentiality, and (iii) attorney's fees are 29.14% of the net settlement less than the usual 33.33% of the gross settlement amount.

  The *Wolinsky* case set forth several factors to resolve "[t]he ultimate question" of "whether the proposed settlement reflects a fair and reasonable compromise of disputed issues

Hon. Lee G. Dunst, U.S.M.J.
May 15, 2023
Page **2** of **4**

rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Wolinsky*, 900 F.Supp.2d at 335.

## II. Analysis of the *Wolinsky* Factors

The first factor is "the plaintiff's range of possible recovery." *Wolinsky*, 900 F.Supp.2d at 335 (citations omitted). Here, Plaintiffs are no doubt taking a significant discount on their alleged damages. But that is simply a function of the litigation risk and concerns with judgment enforcement. Plaintiffs would need to win at trial. And beyond that, they would need to enforce any judgment. Most of the plaintiffs' calculated unpaid wages damages alone are in excess of $100,000. Each plaintiff seeks an equivalent amount in liquidated damages. For example, Plaintiff Martin Correa seeks $103,683.00 in unpaid wages, plus an equivalent amount in liquidated damages. He also has a claim for retaliatory termination and failure to provide wage notices and wage statements. His claim after trial could potentially result in a recovery in excess of $300,000. Nevertheless, he and the other plaintiffs are choosing to settle for a fraction of that amount because of the risk that something could happen that would cause them to be unable to continue with the litigation. Coupled with the fact that even if they prevail at the litigation, there is significant concern that Defendants would not be able to pay a large judgment like what could potentially be had here. Furthermore, Defendants dispute that Plaintiffs were improperly paid, were not provided with the wage notices and wage statements, or that there was any retaliatory termination. Plaintiffs acknowledge that they will have to prove their case at trial and they carefully considered this risk in making the decision to resolve this case.

The second factor is "the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses." *Wolinsky,* 900 F.Supp.2d at 335 (quotations & citations omitted). This is a significant factor for settling. Plaintiffs prefer the security of getting money now versus after conducting more than ten party depositions (with the services of a translator), completing paper discovery, conducting expert discovery, and preparing and participating in a trial. Plaintiffs consider the settlement amount to be a favorable recovery. Plaintiffs will be able to obtain a significant recovery, without confronting the risks of trial. Plaintiffs' circumstances are such that it is in their best interest to receive an expedient settlement payment, rather than further litigation and trial, and risk the ability to collect a judgment.

Defendants want to avoid the time and expense of defending this claim. Although Defendants dispute the factual allegations, Defendants believe that the settlement is fair and reasonable because it will enable the Parties to avoid further anticipated burdens and expenses, including discovery costs, motion practice, trial, and attorneys' fees, which would be significant if the case were to go to trial. Additionally, the Defendants have considered the fee shifting nature of the FLSA for attorneys' fees if Plaintiffs were to prevail, which could result in a large fee award, even if damages were minimal. Furthermore, the Defendants believe the proposed settlement is fair and reasonable because the settlement was negotiated at arms-length by competent counsel, and also involved an in-person mediation with a neutral from the EDNY mediation panel.

As to the third factor, which is "the seriousness of the litigation risks faced by the parties," *Wolinsky*, 900 F.Supp.2d at 335 (citations omitted), Plaintiffs decided to enter into this settlement after a thorough investigation into Plaintiffs' claims and Defendants' ability to pay any judgment; and extensive negotiations between counsel. This included evidence collection and damages calculation by Plaintiffs' counsel. And months of phone calls and emails negotiating between counsel. Early on, the Parties also made use of the Court's mediation procedure and attended a formal in-person mediation where a lot of ground was covered in terms of hashing out each side's position. It was only after all of that, that the Parties reached a compromise figure.

The fourth factor is "whether the settlement agreement is the product of arm's-length bargaining between experienced counsel," *Wolinsky*, 900 F.Supp.2d at 335(quotations & citations omitted). This agreement is fully the product of arm's length bargaining between experienced counsel. The settlement is reasonable under all of the *Wolinsky* factors.

### III.    Reasonable Attorney's Fee

The attorney's fee is also reasonable. Employees who are defrauded of wages typically cannot afford reasonable hourly rates, and many sole practitioners are unwilling to risk their time and efforts to vindicate the rights of disenfranchised employees. The Plaintiffs in this matter could not afford to pay usual and customary hourly fees to litigate this matter on their behalf. Due to these circumstances, Plaintiffs' counsel represented Plaintiffs on a full contingency. This is consistent with the fee-shifting policy incorporated into the FLSA.

Some courts defer to the contract between the plaintiffs and their counsel. *Mares v. Dal Chon Kim*, 2016 U.S. Dist. LEXIS 96723, at *5 (S.D.N.Y. 2016) ("[T]he purpose of the FLSA is to regulate the relationship between an employee and his employer and to protect the employee for overreaching by the employer . . . . I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney"). The latter view was espoused by the United States Supreme Court in *Venegas v. Mitchell*, 495 U.S. 82 (1990), where the Court construed 42 U.S.C. § 1988 and held that the fee-shifting statute:

> controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer. What a plaintiff may be bound to pay and what an attorney is free to collect under a fee agreement are not necessarily measured by the 'reasonable attorney's fee' that a defendant must pay pursuant to a court order. [The statute] itself does not interfere with the enforceability of a contingent-fee contract.

*Mitchell*, 495 U.S. at 90.

Similarly, in *Cheeks*, the Second Circuit Court of Appeals noted that the duty to pay wages falls upon the employer -- not the employee's counsel who labored for an agreed-upon fee. In *Cheeks*, the Second Circuit expressly noted "the FLSA's primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." *Cheeks*, 796 F.3d at 207. *Cheeks* only requires a court to review "adequate documentation" of the fee, which is submitted herein, and a review of the settlement amount that the employer is paying to the employees. *Id.* at 206. *Cheeks* is in full accord with *Mitchell*, where the Supreme Court limited its view to what the "losing defendant must pay," and approved the plaintiff's counsel's fee based upon the private contract between the parties, without intruding into the relationship between plaintiff and counsel. *See Mitchell*, 495 U.S. at 89.

A one-third contingency fee is "commonly accepted in the Second Circuit in FLSA cases." *Najera v. Royal Bedding Co., LLC*, 2015 U.S. Dist. LEXIS 71877, at *7 (E.D.N.Y. June 3, 2015) (collecting cases). *See, e.g. Gaspar v. Pers. Touch Moving, Inc.*, 2015 U.S. Dist. LEXIS 162243, at *5 (S.D.N.Y. Dec. 3, 2015) ("Fee awards representing one third of the total recovery are common in this District"); *Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069, at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one-third of the total recovery). However, one-third is not the "'maximum fee percentage' that counsel may be awarded." *Fisher v. SD Protection Inc.*, 948 F.3d 593 (2d Cir. 2020). According to the Second Circuit, "[e]ven if helpful, however, the percentage of attorneys' fees cannot be the determinative factor in evaluating the reasonableness of the award." *Id.* Here, of the total $470,000 settlement amount, the attorney's fee is only $137,000, representing 29.14%. Thus, it is reasonable and should be approved accordingly.

I note that although Cheeks does not require the Court to perform a Lodestar check, it can be helpful should the Court wish to do so. Attached hereto as Exhibit 2 are time records showing work performed by the lead attorney on this case, Mohammed Gangat, Esq. a graduate of Georgetown Law School, and licensed to practice in New York continuously since 2012. Attached hereto as Exhibit 3 is an affidavit showing work performed by Ganlu Chen, a law clerk, who recently passed the bar exam and is awaiting admission to the New York bar. Mr. Gangat spent 178.85 hours and Ms. Chen 65.00 hours in the prosecution of Plaintiff's unpaid overtime and related claims. Under the circumstances, the fee requested is reasonable given the significant work performed, the experience of counsel, and that the fee is less than what is usual and customary in cases like this.

In view of the foregoing, the Parties jointly and respectfully request that the Court approve the Settlement Agreement and dismiss this matter with prejudice.

                                                   Respectfully Submitted.
                                                   */s Mohammed Gangat*
                                                   Mohammed Gangat. Esq.