# EXHIBIT 1

Case 2:20-cv-04457-LGD   Document 54-1   Filed 05/15/23   Page 1 of 12 PageID #: 278

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARTIN CORREA, RONY ALBERTO SANCHEZ, OSMAN SOTO, JOSE FLORES, JESUS ARTURO MALDONADO, FRANKLIN SOTO, FRANCISCO CARRERA MARROQUIN, JENSIL MENDEZ LOPEZ, MELVIN ERNESTO DEL CID BARREIRA, and OLGER OVIDIO LEMUS *on behalf of themselves and all other similarly situated*,

*Plaintiffs*,

-against-

T & M GREENCARE INCORPORATED, and MARLON REYES,

*Defendants*.

Civil Action No.: 2:20-cv-04457-GRB-LGD

**SETTLEMENT AGREEMENT**

This Settlement Agreement and General Release ("Agreement") of April __, 2023, is by and between by and between Plaintiffs, MARTIN CORREA, RONY ALBERTO SANCHEZ, OSMAN SOTO, JOSE FLORES, JESUS ARTURO MALDONADO, FRANKLIN SOTO, FRANCISCO CARRERA MARROQUIN, JENSIL MENDEZ LOPEZ, MELVIN ERNESTO DEL CID BARREIRA and OLGER OVIDIO LEMUS and their heirs, executors, and assigns, (collectively "Plaintiffs"), and Defendants, T & M GREENCARE INCORPORATED ("Corporate Defendant") and MARLON REYES (collectively "Defendants"), and Defendants' divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, assigns, officers, directors, trustees, and employees, including, but not limited to, all agents, stockholders, partners, members, administrators, representatives, attorneys, insurers or fiduciaries.

Plaintiffs and Defendants are collectively referred to herein as the "Parties".

**WHEREAS,** Plaintiffs filed a Complaint in the United States District Court for the Eastern District of New York, bearing civil action no.: 1:20-cv-04457, asserting various claims for, *inter alia*, unpaid overtime compensation, unpaid minimum wage compensation, liquidated damages, and failure to provide proper wage notice and wage statements pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and New York State Labor Law; and claims of retaliatory termination in violation of federal and state laws (the "Lawsuit");

**WHEREAS,** Defendants denied they violated the aforementioned laws (and/or any other laws); asserted Plaintiffs are not entitled to any additional wages; asserted Plaintiffs were fully and properly paid for services they performed for Defendants; asserted Plaintiffs' claims are unfounded and lack merit and otherwise vigorously defended against and disputed the Lawsuit;

1

**WHEREAS,** the Parties are desirous of resolving these disputes and any and all disputes without incurring further time, expense, or attorneys' fees;

**WHEREAS,** the terms of this Agreement were fully reviewed by Plaintiffs and their attorneys and all Parties have had a sufficient opportunity to consider this Agreement and reviewed this Agreement with their respective attorneys; and,

**WHEREAS,** the Parties have carefully considered other alternatives to executing this Agreement and have entered into this Agreement knowingly, voluntarily, and without coercion or duress; and

**WHEREAS**, the Parties have agreed to settle all potential claims for an additional amount as outlined herein.

**NOW, THEREFORE** in consideration of the covenants, releases, representations, obligations, and promises contained herein and for other good and valuable consideration, it is mutually agreed as follows:

1. Any and all disputes Plaintiffs have with Defendants are fully and completely settled in accordance with the terms more fully set forth herein.

2. **Consideration.**

The Parties for the good and sufficient consideration set forth below agree as follows:

a. In consideration for Plaintiffs' execution of this Agreement and Plaintiffs' release of any and all claims noted in the release below, Defendants agree to pay Plaintiffs and Plaintiffs' Counsel, by remitting to Plaintiffs' Counsel the amounts as set forth in **Exhibit "A"** annexed hereto within the time period provided therein (the "Settlement Payment"). The Settlement Payment is a total of Four Hundred and Seventy Thousand Dollars and Zero Cents ($470,000.00).

b. Plaintiffs understand and agree that they would not receive the monies specified in this Agreement except for their execution of this Agreement and their agreement to fulfill the promises described herein.

c. Plaintiffs understand and agree that Defendants are not providing them with any tax or legal advice, and make no representations regarding tax obligations or consequences, if any, related to this Agreement. Plaintiffs agree they will be solely responsible for any and all taxes with respect to their receipt of their portion of the Settlement Payment (except for the employer's portion of the payroll taxes on the portion of the Settlement Payment attributed to alleged backpay). Notwithstanding the foregoing, if any claim is asserted against Defendants or any of the Releasees, by any taxing authority with respect to the Settlement Payment provided for herein, Plaintiffs shall indemnify and hold Defendants harmless for any amount of taxes due by Plaintiffs.

3.      **Settlement Approval.**

a.      Plaintiffs will file the motion for settlement approval by the court deadline to do so, currently May 1, 2023. Plaintiffs' motion will seek approval of the settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.,* 796 F. 3d 199 (2d Cir. 2016), and dismissal of the litigation with prejudice.

b.      Should the Court decline to approve the Parties' settlement and/or this Agreement, the Parties shall make a good faith effort to revise and/or modify this Agreement, and if the settlement is not ultimately approved, the Parties shall return to their respective positions as if there had been no settlement.

c.      If the Court does not do so automatically, within three (3) business days of receiving the Settlement Sum, Plaintiffs' Counsel will file a Stipulation of Dismissal with Prejudice with the Court.

4.      **Release.**

a.      In consideration for the Settlement Payment, as set forth in Paragraph 2 herein, Plaintiffs and Plaintiffs' heirs, executors, administrators, successors, and/or assigns (collectively referred to as "RELEASORS") hereby release, waive and forever discharge Corporate Defendant, their subsidiaries, divisions, affiliates, parents, corporations under common ownership or control or related business entities, branches, counsel, predecessors, successors and assigns, and their past and present officers, directors, trustees, shareholders, partners, board members, principals, professional employer organizations, executors, owners, employees, agents, stockholders, partners, members, administrators, representatives, attorneys, insurers or fiduciaries in their individual and/or representative or official capacities, and Marlon Reyes, as well as Mr. Reyes' heirs, executors, administrators, successors and assigns, (collectively referred to as "RELEASEES"), any claim or cause of action that Releasors could have made or did make in the Lawsuit, in law or in equity, certain or contingent, known or unknown, foreseen or unforeseen, occurring at any time in the past up to and including the date of the execution of this Agreement, and arising: (i) directly or indirectly from Plaintiffs' employment with Defendants and/or the termination of that employment; (ii) directly from the actions or inactions of Defendants; (iii) from or relating to allegations and causes of action asserted in the Lawsuit; (iv) from any promise, agreement contract, and/or covenant; and/or (v) from claims under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances or orders including, but not limited to, claims arising under the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.*; Section 1981 through 1988 of Title 42 of the United States Code; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000(e) *et seq.*, as amended; the Americans With Disabilities Act of 1990, 42 U.S.C. §§12101 *et seq.*; the Family and Medical Leave Act of 1993, 29 U.S.C. §§2601 *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.*; the National Labor Relations Act, 29 U.S.C. §§151 *et seq.*; the Rehabilitation Act of 1973, 29 U.S.C. §§701 *et seq.*; as amended, the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. §§1161 *et seq.*; the Occupational Safety and Health Act, 29 U.S.C. §§651 *et seq.*; the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§621 *et seq.*; the Older Workers' Benefit Protection Act, as amended; the Internal Revenue Code, the New York State Labor Law §§ 1 *et seq.* and applicable regulations; New

3

York State Executive Law §§290 *et seq.*; the Wage Theft Prevention Act, the New York Equal Pay Law; the New York Legal Activities Law, all other New York State Wage and Hour Laws including, without limitation, Sections 740 and 741 of the New York State Labor Law, the New York Worker Health and Safety Act, NYCHRL, NYSHRL, and/or any other federal, state or local human rights, civil rights, wage-hour, wage-payment, pension, labor, contract or tort laws, or any other claim arising under the common law including but not limited to defamation, and/or the aforementioned laws' rules and/or regulations, ordinances, or public policy, or any claim for costs, attorneys' fees, disbursements, liens or expenses.

      b.    Provided, however, that any language to the contrary herein notwithstanding, nothing in this Agreement shall operate to bar or limit any claim of Plaintiffs for physical injury made pursuant to the New York Worker's Compensation Law arising from their employment with Defendants. Moreover, this Agreement and Release does not extend to those rights which as a matter of law cannot lawfully be waived.

5.    **Plaintiffs' Representations and Covenants**.

      a.    Plaintiffs hereby covenant and agree not to sue, commence, prosecute and continue any other proceeding or complaint (civil, administrative or criminal), or accept any relief individually or as a member of a class, against Defendants in any court of law or equity, or before any administrative agency, in their own name, or accept any relief as a member of a class, against Defendants in any court of law or equity, or before any administrative agency, with respect to any matter arising or derivative from their association with Defendants and with respect to any claim of a violation of the laws and regulations set forth in the release above.

      b.    Plaintiffs hereby covenant and agree not to recover any monetary damages or equitable relief (civil, administrative or criminal), individually or as a member of a class, against Defendants in any court of law or equity, or before any administrative agency, with respect to any matter arising or derivative from their employment with Defendants or their separation from employment with Defendants pursuant to the laws and regulations set forth in in the release contained herein.

      c.    Plaintiffs expressly understand and agree the obligations under this Agreement and tender of the Settlement Payment described herein are in lieu of any and all other amounts to which Plaintiffs might be, are now, or may become entitled to receive from Defendants upon any claim whatsoever pursuant to the laws and regulations set forth in the release above and, without limiting the generality of the foregoing, Plaintiffs expressly waive any right or claim that they may have or to assert any additional claims against Defendants, or payment for back pay, front pay, interest, bonuses, damages, accrued vacation, accrued sick leave, overtime, severance pay, liquidated damages and/or attorneys' fees or costs with respect to or derivative from Plaintiffs' employment with Defendants. Provided, however, that any language to the contrary herein notwithstanding, nothing in this Agreement shall operate to bar or limit any claim of Plaintiffs for physical injury made pursuant to the New York Worker's Compensation Law arising from their employment with Defendants. Plaintiffs further understand and agree that the Settlement Payment described herein is over and above any obligations and payment(s) from Defendants to which Plaintiffs may have been entitled.

6. **No Admission.**

a. This Agreement shall not in any way be construed as an admission by Defendants that they acted wrongfully with respect to Plaintiffs or any other individual, or that Plaintiffs have any rights whatsoever against Defendants. Defendants specifically disclaim any liability for any purported wrongful acts against Plaintiffs on the part of itself, its officers, employees, and/or agents. Further, this Agreement shall not in any way be construed as an admission by Plaintiffs as to any allegations set forth in the Lawsuit.

b. All Parties acknowledge this matter is being settled to avoid further litigation and its concomitant expense.

7. **Mutual Non-Disparagement**. The Parties, and their agents, have not and will not engage in any conduct that is injurious to the reputation and interests of each other, including publicly disparaging (or inducing or encouraging others to publicly disparage), denigrating, or criticizing each other regarding any subject matter, including without limitation those that are relevant to the Lawsuit, and settlement. This provision covers statements and other communication made via the internet. However, this paragraph shall not be construed to prevent either Party from making truthful statements concerning their experiences litigating the Lawsuit or discussing the fact that Plaintiffs were employed by Defendants and the job duties they performed as part of their employment with Defendants. Moreover, nothing in this Agreement shall restrict any Party from participating in any government investigation or responding truthfully to a subpoena. With respect to Defendants, this provision applies only to senior management employees who are aware of this provision of the Agreement.

8. **Enforceability.** If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of the provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, the parties agree to execute promptly a release, waiver and/or covenant that is legal and enforceable.

9. **Remedies, Injunctions and Other Relief.** In the event that any Party breaches, violates, fails or refuses to comply with any of the provisions, terms or conditions or any warranties, covenants, or representations of this Agreement, (the "Breach"), the non-breaching Party or Parties are entitled to recover damages as against the breaching Party or Parties, including interest, costs, expenses and reasonable attorneys' fees, including any appeal and collection proceeding, accruing to the non-breaching Party or Parties as a consequence of the Breach. Regardless of and in addition to any right to damages, the non-breaching Party or Parties may have, the non-breaching Party or Parties shall be entitled to immediate injunctive relief without the need to post a bond therefore. The Parties agree that any action associated with a Breach of this Agreement must be proven by clear and convincing evidence.

10. **Release Notification and Withdrawal.**

    a. Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel. Plaintiffs acknowledge they did so; it is their choice to waive any potential claims (those set forth in Paragraph 4) in return for the benefits set forth herein; and, said choice was made after careful thought, and after consulting with their attorney. Plaintiffs represent that they have been advised to and did consult legal counsel regarding this Agreement. Plaintiffs further represent that after having had a full opportunity to review and consider the terms and conditions of this Agreement, and having discussed them with any member of their immediate family, counsel or financial advisor of their own choosing, and having had sufficient time to review and consider this Agreement, Plaintiffs fully understand all of the provisions of this Agreement and have executed same freely and voluntarily.

11. **Miscellaneous.**

    a. All notices or other communication provided for or permitted herein shall be in writing, and mailed by U.S. Registered or Certified Mail/Return Receipt Requested, reputable overnight express courier (Fed Ex, UPS, etc.) or sent by email, provided that, if email communication is used, the notice is also mailed simultaneously by First-Class U.S. Mail, to the Party entitled or required to receive same.

    b. This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument, and in pleading or proving any provision of this Agreement, it shall not be necessary to produce more than one (1) of such counterparts. Facsimile and or PDF transmission copies will be deemed and accepted as original in all proceedings and no objection will be raised regarding same. The exhibit annexed hereto is specifically incorporated and made a part of this Agreement.

    c. This Agreement shall inure to the benefit of Releasees, their successors and assigns, including, but not limited to, any corporation, individual, partnership or other entity which may acquire all or substantially all of Defendants' assets and business or with or into which Defendants may be consolidated or merged. This Agreement and its attached exhibit shall inure to the benefit of Plaintiffs and their heirs, executors and assigns.

    d. This Agreement was negotiated with specific reference to the State of New York and shall in all respects be governed by relevant federal law and the laws of the State of New York without giving effect to principles of conflicts of law. This Court shall retain jurisdiction over actions or proceedings based upon, including the enforcement of, this Agreement or any of its terms. The Parties to this Agreement shall be subject to the jurisdiction of the Court for all purposes related to this Agreement.

    e. Each covenant contained herein is a separate and independent covenant. A breach, finding of unenforceability or waiver of any one covenant herein (or of any other covenant or agreement between these Parties) shall not relieve either Party of any remaining obligations hereunder.

4867-2898-9748, v. 5

12. **Entire Agreement.** This Agreement sets forth the entire Agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiffs acknowledge that Plaintiffs have not relied on any representations, promises, or agreements of any kind made to Plaintiffs in connection with Plaintiffs' decision to accept this Agreement, except for those set forth in this Agreement.

13. **Amendment.** This Agreement may not be modified, altered, or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

14. **Legal Counsel.** Defendants have advised and continue to advise Plaintiffs to seek legal counsel to discuss the terms and conditions of this Agreement and its release of all noted claims. Each Plaintiff acknowledges that it is his/their choice to waive any noted potential claims in return for the benefits set forth above and his/their choice was made after careful thought, and after consultation with an attorney.

**THEREFORE,** the Parties to this Agreement now voluntarily and knowingly execute this complete Agreement:

**[SIGNATURES ARE ON THE FOLLOWING PAGE]**

**Plaintiffs:**
MARTIN CORREA
*/s/ Martin Correa*
Date: 5/2/2023

RONY ALBERTO SANCHEZ
*/s/ Rony Alberto Sanchez*
Date: 5/2/2023

OSMAN SOTO
*/s/ Osman Soto*
Date: 5/2/2023

JOSE FLORES
*/s/ Jose Flores*
Date: 5/2/2023

JESUS ARTURO MALDONADO
*/s/*
Date: 5/2/2023

FRANKLIN SOTO
*/s/ Frank*
Date: 5/2/2023

FRANCISCO CARRERA MARROQUIN
*/s/ Francisco C*
Date: 5/2/2023

JENSIL MENDEZ LOPEZ
*/s/*
Date: 5/2/2023

MELVIN ERNESTO DEL CID BARREIRA
*/s/*
Date: 5/2/2023

OLGER OVIDIO LEMUS
*/s/ O.L.*
Date: 5/2/2023

**Defendants:**
T & M GREENCARE INCORPORATED

_____
Title:
Date: _____

MARLON REYES

_____
Date: _____

8

4867-2898-9748, v. 5

**Plaintiffs:**
MARTIN CORREA

_____
Date: _____

RONY ALBERTO SANCHEZ

_____
Date: _____

OSMAN SOTO

_____
Date: _____

JOSE FLORES

_____
Date: _____

JESUS ARTURITO MALDONADO

_____
Date: _____

FRANKLIN SOTO

_____
Date: _____

FRANCISCO CARRERA MARROQUIN

_____
Date: _____

JENSIL MENDEZ LOPEZ

_____
Date: _____

MELVIN ERNESTO DEL CID BARREIRA

_____
Date: _____

OLGER OVIDIO LEMUS

_____
Date: _____

**Defendants:**
T & M GREENCARE INCORPORATED

_____
Title: President
Date: 4/27/2023

MARLON REYES

_____
Date: 4/27/2023

8

4867-2898-9748, v. 5

# EXHIBIT A

In exchange for the promises made by Plaintiffs and Defendants in this Agreement, Defendants shall deliver to Plaintiffs and Plaintiffs' attorneys the total gross sum of Four Hundred and Seventy Thousand Dollars and Zero Cents ($470,000.00) (the "Settlement Payment").

The Settlement Payment shall only be due after satisfaction of the following requirements: (1) all Parties have signed this Settlement Agreement, and (2) the Court has approved this Settlement Agreement (the "Triggering Requirements"). The Settlement Payment shall be made in two installments. The first installment ($350,000.00) shall be due 30 days after the Triggering Requirements are met. The second installment ($120,000.00) shall be due 5 months after the first installment is due.

The portion of the Settlement Payment allocated to plaintiff Olger Ovidio Lemus and plaintiff Jose Flores (equal to $70,000) is not due until the Triggering Requirements are met and all necessary tax forms for Mr. Lemus and Mr. Flores have been provided. If the necessary tax forms have not been provided by the time the second installment is due, then Defendants can withhold the subject amount ($70,000) from the second installment until the tax forms are provided.

Each installment shall be paid by check and delivered by FedEx with Tracking. The checks shall be delivered to Law Office of Mohammed Gangat, 675 Third Avenue, Suite 1810, New York, New York 10017; Attn.: Mohammed Gangat, Esq.

The two checks shall be made payable to "Mohammed Gangat, Esq., as attorneys for Plaintiffs". The Settlement Payment shall be divided as follows:

i. $40,000 to Plaintiff Martin Correa, representing $10,000 in alleged backpay, and the remaining $30,000 representing all other damages.

ii. $35,000 to Plaintiff Rony Alberto Sanchez, representing $10,500 in alleged backpay, and the remaining $24,500 representing all other damages.

iii. $35,000 to Plaintiff Osman Soto, representing $10,500 in alleged backpay, and the remaining $24,500 representing all other damages.

iv. $35,000 to Plaintiff Jose Flores, representing $10,500 in alleged backpay, and the remaining $24,500 representing all other damages.

v. $35,000 to Plaintiff Jesus Arturo Maldonado, representing $10,500 in alleged backpay, and the remaining $24,500 representing all other damages.

vi. $35,000 to Plaintiff Franklin Soto, representing $10,500 in alleged backpay, and the remaining $24,500 representing all other damages.

vii. $20,000 to Plaintiff Francisco Carrera Marroquin, representing $6,000 in alleged backpay, and the remaining $14,000 representing all other damages.

DocuSign Envelope ID: D0B815F4-D25D-4E09-B7AF-E649ECBF4467

    viii.    $20,000 to Plaintiff Jensil Mendez Lopez, representing $6,000 in alleged backpay, and the remaining $14,000 representing all other damages.

    ix.    $43,000 to Plaintiff Melvin Ernesto Del Cid Barreira, representing $13,000 in alleged backpay, and the remaining $30,000 representing all other damages.

    x.    $35,000 to Plaintiff Olger Ovidio Lemus, representing $10,500 in alleged backpay, and the remaining $24,500 representing all other damages.

    xi.    $137,000 to Mohammed Gangat, Esq., representing attorneys' fees and expenses.

Payments representing backpay will be made with Defendants providing paystubs showing the backpay amount as the gross pay, and reflecting standard employee withholdings and deductions. Defendants shall make the necessary withholdings and deductions from the gross pay, and provide Plaintiff's counsel with paystubs reflecting the payment, and monies equal to the net pay amount due each Plaintiff. Defendants shall issue a W2 to each Plaintiff for payments representing backpay.

Defendant shall issue a 1099 to each Plaintiff for the payment to each Plaintiff representing damages other than backpay.

Defendant shall issue a 1099 to Plaintiff's counsel for the payment representing attorneys' fees and expenses.